THE STATE OF OHIO, APPELLEE, *v.* TATE, APPELLANT.

[Cite as State v. Tate (1979), 59 Ohio St. 2d 50.]

(No. 79-3—Decided July 11, 1979.)

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Paul J. Gorman* and *Mr. Terrence R. Cosgrove*, for appellee.

*Messrs. Paxton & Seasongood* and *Mr. Donald J. Mooney, Jr.*, for appellant.

SWEENEY, J. The issue presented by this appeal is whether appellant knowingly, intelligently and voluntarily waived his right to trial by jury.

The accused's right to be tried by a jury is secured in this state by Section 10, Article I of the Ohio Constitution[a]

---

[a]This constitutional provision states, in relevant part:

"Except in * * * cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary * * *. In

and R. C. 2945.17.[3] Since the potential, as well as the actual, penalty imposed for this misdemeanor violation was imprisonment, appellant Tate possessed this right. However, "[t]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance, or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *." *Mentor v. Giordano* (1967), 9 Ohio St. 2d 140, paragraph one of the syllabus. Such a rule is "not in any wise violative of the constitutional right to trial by jury." *Hoffman v. State* (1918), 98 Ohio St. 137, paragraph one of the syllabus.

Crim R. 23 (A) is such a rule. It provides, in pertinent part:

"In serious offense cases the defendant * * * may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

Since the crime charged was a petty offense (see Crim. R. 2), appellant was required to, and did, timely file a written demand for a jury trial. However, the state contends that appellant subsequently waived this right he had previously preserved, by silently acquiescing to a trial to the court.

In affirming appellant's conviction, the Court of Appeals accepted appellee's contention that there was an implicit waiver. They stressed appellant's intelligence, the awareness of both trial counsel and the observing attor-

---

any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury * * *."

[3]This statute provides:

"At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury."

ney of the procedural rules, and the complete lack of any objection to the failure to impanel a jury as evidence of this waiver.

While the circumstances of this cause could lead one to surmise that appellant was aware of the situation and possibly took advantage of it, we cannot accept the proposition that there was a waiver of this right by silence. To do so would not only conflict with years of constitutional precedent, it could well require this court to review the circumstances of all such similar cases to determine whether the conduct and education of the accused and the adequacy of his counsel would support such an implicit waiver in each instance. As was stated in *Simmons* v. *State* (1906), 75 Ohio St. 346, at paragraph two of the syllabus, "[s]uch waiver must clearly and affirmatively appear upon the record, and it can not be assumed or implied by a reviewing court from the silence of the accused * * *." Furthermore, '[e]very reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the Constitution.' *Id.*, at page 352.

The problem of what constitutes an effective waiver of the right to a jury trial arises because, while Crim. R. 23(A) requires, in serious offense cases, that the waiver be in writing, it does not prescribe how the right is to be waived in petty offense cases, once it has been demanded. Fortunately, we can look to R. C. 2945.05 for assistance in remedying this omission in the rule. That statute provides, in part:

"*In all criminal cases* pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, *shall be in writing*, signed by the defendant, and filed in said cause and made a part of the record thereof." (Emphasis added.)

Under the authority of Section 5(B), Article IV of the

---

¹This section provides, in pertinent part, that "* * * [a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Ohio Constitution,[4] the Criminal Rules supersede the analogous statutes to the extent of any conflict. However, since there is no conflict between Crim. R. 23(A) and R. C. 2945.-05 in this specific situation, the statute remains effective, as prescribing the mandatory procedure for waiving the right to a jury trial in a petty offense case, once it has been demanded. The Court of Appeals in *Lima v. Rambo* (1960), 113 Ohio App. 158, 162, reached essentially the same conclusion, holding that, "[i]t appearing of record that the defendant had pleaded not guilty and a jury trial had been demanded * * *, in a case in which the defendant had a right to trial by jury, it must also appear of record that the defendant had waived such right in the manner provided by Section 2945.05, Revised Code, before the Municipal Court had jurisdiction to proceed to try the defendant without a jury."

Since R. C. 2945.05 was not complied with in this instance, appellant was denied his constitutional right to trial by jury.[5] This is prejudicial error which requires us to reverse the conviction of the trial court and the judgment of the Court of Appeals affirming that conviction, and remand the cause to the Hamilton County Municipal Court for a new trial.

*Judgment reversed and cause remanded.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.

HOLMES, J., concurring. I concur in the decision in this case, but feel compelled to make a few observations concerning the law that this court was compelled to apply even in light of the facts presented.

Justice Sweeney is correct in his conclusion that R. C.

---

[5]This holding is not inconsistent with paragraph two of the syllabus in *State* v. *Harris* (1976), 48 Ohio St. 2d 351, wherein we found that a written waiver executed at the conclusion of the trial satisfied the requirements of Crim. R. 23(A). Presumably this procedure would also comply with R. C. 2945.05.

2945.05 was not superseded by Crim. R. 23(A) even though so stated within the editorial comment of Page's Ohio Revised Code. The substantive right of trial by jury as granted in R. C. 2945.05 is not necessarily in conflict with Crim. R. 23(A).

However, under the facts as presented within this case, and other similar circumstances where a definite waiver is shown by the knowing acts of the party, the law should reasonably allow a waiver to be effected in petty criminal cases. Here, the facts glaringly show that there was an obvious courtroom sandbagging perpetrated upon the trial judge by the defendant and his trial counsel.

Here, the record shows that the defendant is a man of above normal intelligence. He was represented by employed counsel, and the latter, when asked by the trial judge if the defendant was ready to proceed to trial, stated that he was ready and did not mention to the judge that he desired a jury trial. The trial proceeded and the defendant testified. Upon being found guilty of the offense charged, the defendant and his counsel had no comment to make to the court and, again, no mention of, or complaint about, proceeding without a jury.

It is my belief that, in order to avoid this type of situation in the future, prosecutors should make a more thorough review of the record to determine the presence of a request for a jury. An even more appropriate permanent approach would be for the General Assembly to amend R. C. 2945.05 so that a waiver need only be in writing by one charged with a serious offense.

P. BROWN, J., concurs in the foregoing concurring opinion.