OPINION
Defendant-appellant Troy Davis appeals from the January 6, 2000, Judgment Entry of the Canton Municipal Court. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On December 13, 1999, appellant Troy Davis was cited and arrested for driving under an FRA suspension in violation of R.C.4507.02(B)(1), a misdemeanor of the first degree, and for failure to obey a traffic control device in violation of R.C. 4511.12, a minor misdemeanor. At his arraignment on December 15, 1999, appellant entered a plea of not guilty to both charges. Subsequently, pursuant to a traffic pretrial checklist filed on December 23, 1999, the trial court scheduled a bench trial for January 6, 2000. Appellant, on January 6, 2000, the date of the scheduled bench trial, filed a written demand for a jury trial. Appellant, in his motion, indicated that he would be representing himself at trial and that he would need "at least 60 days from the date of this JURY DEMAND to have compulsory process for obtaining witnesses" in his favor for his defense. The trial court, as memorialized in a Judgment Entry filed the same day, overruled appellant's demand for a jury trial. Following the bench trial, the trial court found appellant guilty of one count of driving under an FRA suspension in violation of R.C. 4507.02(B)(1) and one count of "violation of a traffic control device" in violation of R.C. 4511.12. As evidenced by a Judgment Entry filed on January 6, 2000, the trial court ordered appellant to perform 100 hours of community service by May 18, 2000, with respect to his violation of R.C. 4507.02(B)(1) and to pay all court costs with respect to both violations. In addition, appellant's driving record was assessed six points. It is from the trial court's January 6, 2000, final judgment that appellant now prosecutes his appeal. While appellant has failed to include in his brief a statement of the assignments of error presented for review as is required by App.R. 16, appellant's sole argument is that the trial court violated his Constitutional rights by overruling his demand for a jury trial. I Appellant, in his sole assignment of error, contends that the trial court erred in overruling his demand for a jury trial, thereby violating his Constitutional rights. Appellant, in his brief, specifically argues as follows: 1. At my arraignment I clearly stated to the court NOT GUILTY, that I was claiming all my CONSTITUTIONAL RIGHTS, and that I DEMANDED a trial by JURY!! 2. When I appeared for my pretrial, I was met in the hallway by a bailiff and told Judge Poulos was aware that I wanted a trial by Jury and that he had taken care of everything and that I did not Chave to go for my pretrial conference. 3. I submitted my JURY DEMAND to the court in writing.
4. In spite of the fact that Judge Poulos clearly knew I had DEMANDED a trial by JURY THREE TIMES, he still denied me a trial by JURY!!
An accused's right to a jury trial is secured by Sections 5 and10, Article I of the Ohio Constitution and by the Sixth Amendment to the United States Constitution. However, such right is not unlimited. R.C. 2945.17 specifically provides that an accused has the right to be tried by a jury "except in cases in which the penalty involved does not exceed a fine of one hundred dollars." A violation of R.C. 4511.12, failure to obey a traffic control device, is a minor misdemeanor in this case and the maximum penalty permitted by R.C. 2929.21 is a fine of $100.00. Consequently, appellant has no statutory or constitutional right to a jury trial with respect to such charge. As is stated above, appellant also was charged with driving under an FRA suspension in violation of R.C. 4507.02(B)(1), a misdemeanor of the first degree. Pursuant to R.C. 2929.21, the maximum penalty authorized for a first degree misdemeanor is six months imprisonment and a fine of not more than $1,000.00. Clearly, appellant possessed a right to a jury trial, under the Ohio Constitution and also under R.C. 2945.17 on the charge of driving under an FRA suspension. However, the "guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance, or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor." State v. Tate (1979), 59 Ohio St.2d 50,52 (Emphasis added). Crim.R. 23 (A) is such a rule. Crim.R. 23(A) states, in relevant part, as follows: * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
The court, in Tate, held that Crim.R. 23 was "not in any wise violative of the constitutional right to trial by jury." Id. at 52. Appellant, in the case sub judice, was charged with driving under an FRA suspension in violation of R.C. 4507.02(B)(1), a misdemeanor of the first degree, and failure to obey a traffic control device in violation of R.C. 4511.12, a minor misdemeanor. As is stated above, pursuant to R.C. 2929.21, while first degree misdemeanors are punishable by up to six months imprisonment and a fine of $1,000.00, the maximum penalty for a minor misdemeanor is a fine of $100.00. Each offense is a petty offense under Crim R. 2 since the maximum penalty for both driving under an FRA suspension in violation of R.C. 4507.02(B)(1) and failure to obey a traffic control device in violation of R.C. 4511.12 is six months incarceration or less. Crim.R. 2(C) and (D). In the case sub judice, appellant did not request a jury trial until the date of his trial, January 6, 2000. By failing to request a jury trial in writing at least ten days prior to the date of his trial as is required by Crim R. 23(A), appellant waived his right to a jury trial on his driving under an FRA suspension charge. See State v. Sterling (Aug. 4, 1998), Tusc. App. No. CT98-0004, unreported. Appellant, in his brief, argues, in part, that he is entitled to a jury trial since he demanded a jury trial at his arraignment. However, since appellant has failed to file a copy of the transcript of his arraignment, we must presume the regularity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. Appellant further maintains that he is entitled to a trial by jury since he was told off the record by a bailiff that "Judge Poulos was aware that I wanted a trial by Jury and that he had taken care of everything. . ." However, our review on appeal is limited to those materials in the record which were before the trial court." State v. Ishmail (1978), 54 Ohio St.2d 402. Since the bailiff's alleged comments to appellant are not a part of the record in this matter, they cannot be considered by this Court on direct appeal. For the foregoing reasons, appellant's sole assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed.
 ________________________ Edwards, J.
Gwin, P.J. and Reader, V.J. concurs