OPINION
Defendant-appellant, Thomas E. Flinchum II, appeals the determination of the Middletown Municipal Court finding him guilty of reckless operation, a minor misdemeanor, and driving while under the influence ("DUI"), a first-degree misdemeanor. We affirm the trial court's ruling on appellant's motion to suppress evidence. We also affirm the trial court's decision finding appellant guilty of reckless operation, but remand for a jury trial on the DUI charge.
At 1:56 a.m. on the morning of April 23, 1999, Middletown police officer Wayne Birch stopped his police cruiser at an intersection in Middletown, Ohio. Officer Birch and his partner, Officer John Newlin, observed appellant's maroon car stopped at the red traffic light. When the traffic light changed, appellant "peeled out," spinning the car's tires. The officers observed appellant's car stop a second time, then rapidly accelerate, fishtailing as it made a right turn. Officer Birch turned his vehicle around and followed appellant.
Officer Birch briefly lost sight of appellant's car, then saw the car again as the officer approached an intersection. As Officer Birch stopped and backed up his vehicle, appellant's car crossed the intersection and drove quickly down the street. When Officer Birch pulled up behind appellant, appellant abruptly stopped his car and turned left into an alley. Although Officer Birch attempted to make the turn, he could not, so he continued on to the next street and rounded the block.
Officer Birch next observed appellant standing on the driver's side of his parked car. Officer Birch pulled up and stopped his police cruiser in front of appellant's car. Once appellant observed the police officers, he ran towards the rear entrance of his residence on the corner of Sutphin Street. Both officers exited the police car. Officer Birch yelled "Stop" and "Police," several times as appellant ran approximately forty to forty-five feet to his home. Officer Birch dove through bushes and ran, following appellant on foot.
When appellant rounded the corner of his house, Officer Birch heard the rear screen door slam as it was flung open. Officer Birch observed appellant standing in the kitchen approximately five feet inside his home. Officer Birch entered appellant's residence through the open back door and arrested him there. Appellant had not given the officer permission to enter the home.
The city of Middletown (hereinafter "city") charged appellant with three offenses under the Middletown Codified Ordinances. Appellant was charged with reckless driving,[1] DUI,[2] and resisting arrest.[3]
Before trial, appellant filed a motion to suppress evidence stemming from Officer Birch's Cwarrantless entry into appellant's home when he was arrested. After holding a hearing on the motion, the trial court found that Officer Birch's entry into the home was not an unwarranted intrusion, since the officer was in hot pursuit of appellant.
The trial court then proceeded to try appellant without a jury. The record does not reveal that appellant requested a jury trial on the charges. After the city presented its case, the trial court granted judgment of acquittal on the charge of resisting arrest pursuant to appellant's Crim.R. 29 motion. The trial court then found appellant guilty of reckless operation and DUI. The trial court ordered appellant to serve ninety days in jail and ordered his driver's license suspended for three years.
Appellant presents two assignments of error for our review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS.
Appellant first claims that the trial court erred when it denied his motion to suppress evidence obtained as a result of the warrantless arrest effected by Officer Birch inside his home. The crux of appellant's claim is that police could not enter his home to arrest him without a warrant where he had committed only a traffic infraction, which is a minor misdemeanor. The city responds that the police officer had both probable cause to arrest appellant for the crime of resisting arrest, and exigent circumstances existed so that the officer could do so.[4]
Appellate review of a denial of a motion to suppress presents a mixed question of law and fact. State v. Davis (1999), 133 Ohio App.3d 114,117. In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Id., citing State v. Smith
(1997), 80 Ohio St.3d 89, 105. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Davis, 133 Ohio App.3d at 117. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the applicable legal standard. Id.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. See Payton v. NewYork (1980), 445 U.S. 573, 100 S.Ct. 1371. "Physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Id. at 586, 100 S.Ct. at 1379. Accordingly, searches and seizures inside a home without a warrant are presumptively unreasonable and violate the Fourth Amendment of the United States Constitution. Id. at 590, 100 S.Ct. at 1382.
However, there exist exceptions to the warrant requirement. Under one such exception, a warrantless arrest for a felony is permitted if both probable cause and exigent circumstances exist. Id. The issue of whether the exigent circumstances exception may apply to a warrantless arrest for a crime less serious than a felony was addressed by the United States Supreme Court in Welsh v. Wisconsin (1984), 466 U.S. 740, 750,104 S.Ct. 2091, 2098. There, the Supreme Court stated that, before agents of the government may invade the sanctity of the home, the government bears the burden to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries. Id.
The Welsh court went on to state its hesitation in finding exigent circumstances when the underlying offense for which there is probable cause to arrest is "relatively minor." The court indicated that the gravity of the underlying offense is an important factor to be considered in deciding if an exigency exists. 466 U.S. at 752,104 S.Ct. at 2098-2099. The court noted that, when the government's interest is only to arrest for a "minor offense," that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate. Id. While expressing concern with extending the exigent circumstances exception to "minor offenses," the court did not define that term. Neither did the court consider whether theFourth Amendment imposed an "absolute ban" on warrantless home arrests even for certain minor offenses. Id. at n. 11.
Although Welsh did not prohibit warrantless arrests with probable cause under exigent circumstances even for "minor offenses," Ohio courts have. Several Ohio Courts of Appeals have construed Welsh to mean that the underlying offense to which the exigent circumstances exception to the warrant requirement applies must be a felony offense. Under this line of cases, misdemeanors are excluded. See Davis, 133 Ohio App.3d 114; Statev. Scott M. (1999), 135 Ohio App.3d 253, 258-259; Cleveland v. Shields
(1995), 105 Ohio App.3d 118, 122; State v. Banks (Aug. 20, 1999), 1999 WL 632924, at * 2, Hamilton App. No. C-980774, unreported; State v. Trammel
(Jan. 22, 1999), 1999 WL 22884, at *8, Montgomery App. No. 17196, unreported.
We take issue with the interpretation this line of cases has placed onWelsh's reasoning. To be sure, Welsh severely restricted a finding of exigent circumstances in a warrantless home entry where a "minor offense" has been committed. However, Welsh did not preclude application of the exigent circumstances exception when the offense is a misdemeanor instead of a felony. Two Ohio courts of appeals have recognized that Welsh
determined only that a warrantless intrusion into a home was unjustified when the offense involved was a noncriminal civil forfeiture offense, not punishable by imprisonment, and where the arrest was not commenced in a public place. State v. Rouse (1988), 53 Ohio App.3d 48, 51; State v.Marlow (Feb. 28, 1996), 1996 WL 84627, at *4, Summit App. No. 17400, unreported.
In Rouse, the court was faced with a defendant who had been arrested in his home without a warrant after a hot pursuit when he had committed the misdemeanor of operating a motor vehicle while intoxicated.53 Ohio App.3d at 51. The court distinguished Welsh based on the nature of the underlying offense as classified by Ohio. Rouse, 53 Ohio App.3d at 57. Since Ohio had designated Rouse's crime as a misdemeanor warranting six months' imprisonment, the court determined that Rouse had not been arrested for a minor offense. Instead, Ohio's treatment of the misdemeanor as a jailable criminal offense manifested its intention to treat DUI as a "serious offense." Id. Accordingly, Rouse had been lawfully arrested in his home for the misdemeanor under the exigent circumstances exception to the Fourth Amendment's warrant requirement.Id.
While we cannot consider a first-degree misdemeanor a "serious offense" under the definition of that term in Crim.R. 2(a), we otherwise agree with Rouse's reasoning. In essence, we reject the reasoning of the several appellate courts that have defined Welsh's "minor offense" on the basis of a crime's classification as either a felony or a misdemeanor. We decline to define all of Ohio's misdemeanors as "minor offenses" to which the exigent circumstances exception would not apply. Instead, we determine that, consistent with Welsh, the operative analysis for determining whether the underlying offense is a "minor" one for purposes of an officer's warrantless entry into a home is not whether the offense is a felony or a misdemeanor; the determinative factor is whether the offense is one that is punishable by jail or imprisonment. See State v.Dobbins (Sept. 22, 1994), 1994 WL 521187, at *3, Franklin App. No. 94APC02-276, unreported.
Thus, we must first determine whether Officer Birch had probable cause to believe appellant had committed a jailable C offense when he was arrested without a warrant in his home. Before fleeing police, Officer Birch observed appellant committing the offense of reckless operation.[5]
Under Middletown Codified Ordinance 434.02, reckless operation is a minor misdemeanor. The code provides that a minor misdemeanor is punishable only by a fine not to exceed $100; an offender is not subject to jail or imprisonment for its violation. Middletown Codified Ordinance 408.01(d). A minor traffic offense such as this one cannot justify a warrantless arrest in the home. Village of Blanchester v. Hester
(1992), 81 Ohio App.3d 815, 819.
The city points out, however, that Officer Birch pursued appellant inside his home because the officer had probable cause to believe appellant was committing the offense of resisting arrest. "Probable cause to arrest depends `upon whether, at the moment the arrest was made * * * the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" Beck v. Ohio (1964), 379 U.S. 89, 91,85 S.Ct. 223.
Here, appellant fled Officer Birch once he saw the officer.[6]
Officer Birch conveyed that he was a police officer and ordered appellant to stop. Appellant continued to run, disobeying the officer's order. Appellant's actions in fleeing Officer Birch and failing to heed the officer's order gave the officer probable cause to believe appellant was committing the crime of failure to comply with order or signal of a police officer, in violation of R.C. 2921.33.1(B). That crime is a first-degree misdemeanor, for which the sentence is imprisonment up to six months. R.C. 2929.21(B)(1). We cannot find that failure to comply with an order or signal of a police officer is a "minor offense" as defined by Welsh. The fact that appellant was ultimately charged with a lesser crime does not negate the fact that Officer Birch had probable cause to believe that appellant had committed a first-degree misdemeanor.
Because we have found that Officer Birch had probable cause to believe appellant was committing a jailable offense, we go on to determine whether exigent circumstances existed for his arrest. Here, the trial court determined, and we agree, that Officer Birch was in "hot pursuit" of appellant once appellant fled police. Where police have probable cause to arrest an individual in a public place and are in "hot pursuit" of that individual in the public place, the individual cannot defeat an otherwise lawful arrest by retreating into his home or some other private place.United States v. Santana (1976), 427 U.S. 38, 42-43, 96 S.Ct. 2406,2409.
Officer Birch had probable cause to believe appellant had committed a jailable offense, and the officer was in hot pursuit of appellant. Under such circumstances, police may be permitted to follow the individual into his home to complete the lawful arrest begun in public. Rouse,53 Ohio App.3d at 51; Marlow, 1996 WL 84627 at *2. We therefore find appellant's warrantless arrest in his home lawful. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN CONDUCTING A BENCH TRIAL ABSENT A JURY WAIVER.
Appellant next contends that the trial court erred when it conducted a bench trial without a written jury trial waiver that was filed in court. The city responds that this court must interpret the criminal rules so as to effect a fair, impartial, and speedy administration of justice. Since appellant received a fair trial, the city argues, a written jury trial waiver was unnecessary.
Under the Sixth Amendment to the Constitution of the United States and Section 5, Article I of the Constitution of Ohio, trial by jury in a criminal case is guaranteed. Mentor v. Giordano (1967), 9 Ohio St.2d 140,143. However, the guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with regard to misdemeanors. State v. Tate
(1979), 59 Ohio St.2d 50, 52, quoting Mentor, 9 Ohio St.2d 140, paragraph one of the syllabus. A statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor. Mentor, 9 Ohio St.2d 140, paragraph one of the syllabus.
Accordingly, R.C. 1901.24 provides:
 (A) A jury trial in a municipal court shall be demanded in the manner prescribed in the Rules of Civil Procedure or the Rules of Criminal Procedure.
 (B) The right of a person to a jury trial in a municipal court is waived under the circumstances prescribed in the Rules of Civil Procedure or the Rules of Criminal Procedure.
Crim.R. 23(A) prescribes the circumstances under which a person may waive his right to jury trial:
 In serious offense cases the defendant * * * may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.
Crim.R. 2 defines a "petty offense" as any offense other than a "serious offense." A "serious offense" is any offense for which a person may be incarcerated for more than six months. Appellant was charged under the Middletown Codified Ordinances with reckless operation, a minor misdemeanor; DUI, a first-degree misdemeanor; and resisting arrest, a second-degree misdemeanor. None of the offenses with which appellant was charged could result more than six months of incarceration except DUI. For the DUI charge, appellant was subject to jail for up to one year, though the crime remains a first-degree misdemeanor under Middletown Municipal Ordinance 434.01(a), as enhanced by Middletown Municipal Ordinance 434.01(j)(3).
The remaining two offenses with which appellant was charged are "petty offenses" under the definition in Crim.R. 2. Therefore, in order to assert his right to jury trial, appellant was required to timely file a written demand for a jury trial on all charges except the DUI. SeeTate, 59 Ohio St.2d 52. A defendant in a petty offense case waives his right to a jury unless he has filed a demand for a jury trial. State v.Pflanz (1999), 135 Ohio App.3d 338, 339.
The record does not show that appellant made a written demand for a trial by jury on the petty offenses as required by Crim.R. 23(A). Where a defendant charged with petty offenses has not demanded a jury trial pursuant to Crim.R. 23(A), no written and filed waiver is required; an accused waives jury trial simply by failing to request it. SeeState/City of Franklin v. Russell (Apr. 5, 1993), Warren App. No. CA92-06-052, unreported, at 2. While appellant did file a written request for pretrial, that document cannot function as the requisite jury trial demand under Crim.R. 23(A). See id. at 3.
Appellant is correct that, under R.C. 2945.05, a right to jury trial may be waived and an accused may submit to a trial by the court only when very specific and strict procedures are followed. State v. Pless (1996),74 Ohio St.3d 333, 337. However, the statute, as harmonized with Crim.R. 23(A), prescribes the mandatory procedure for waiving the right to a jury trial for petty offenses once a jury trial has been demanded. See Tate, 59 Ohio St.2d at 53. Appellant made no such demand.
Since appellant had been charged with two petty offenses, he was required to demand a jury trial before a written and filed waiver was necessary on those charges. Although the city has not so asserted, appellant's failure to demand a jury trial for the petty offenses with which he was charged functioned as a waiver of his right to jury trial under Crim.R. 23(A). No written and filed waiver of jury trial under R.C. 2945.05 was necessary in order for the Municipal Court to try appellant to the bench on the charges of resisting arrest and reckless operation.
However, appellant is correct that his right to jury trial on the DUI charge could not be waived absent the strict procedures mandated by Crim.R. 23. The DUI for which appellant was convicted was a "serious offense" as defined by Crim.R. 2. Since no such written and filed waiver appears in the record, we conclude that appellant did not validly waive a jury trial on the DUI charge.
Appellant's second assignment of error is sustained in part and overruled in part. His conviction for reckless operation is affirmed; his conviction for DUI is vacated. Since the jury waiver is jurisdictional, we remand this cause to the trial court for further proceedings on the DUI charge.
 _____________________________ POWELL, P.J.
YOUNG and VALEN, JJ., concur.
[1] Middletown Codified Ordinances 434.02.
[2] Middletown Codified Ordinances 434.01.
[3] Middletown Codified Ordinances 606.16.
[4] The city also argues that, since appellant has been convicted of the crimes, the doctrines of collateral estoppel and res judicata bar appellant from contesting the validity of his arrest. The city has cited no authority in support of this argument.
[5] We note that Officer Birch did not testify that he believed appellant was committing the offense of operating while intoxicated. The officer was not aware of facts that would have shown appellant was intoxicated until the officer observed appellant inside his home during his arrest.
[6] In determining whether reasonable suspicion exists to execute aTerry stop, the United States Supreme Court found that unprovoked flight is "the consummate act of evasion" that is suggestive of wrongdoing.Illinois v. Wardlow (2000), 528 U.S. 119, ___, 120 S.Ct. 673, 676.