OPINION
Appellant, Robert C. Taylor, is appealing his convictions for two counts of child enticement, R.C. 2905.05, and three counts of public indecency, R.C. 2907.09.
It should be noted that the two counts of child enticement are misdemeanors of the first degree, and that on each count, appellant could be sentenced to a term of not more than six months and a fine of not more than $1,000.
We would also note that the three counts of public indecency are misdemeanors of the fourth degree, and that on each count, appellant could be sentenced to a term of not more than thirty days and a fine of not more than $250.
Complaints were sworn against appellant in July of 1996, with respect to incidents involving three different children. Each child's complaint was assigned a separate trial court case number. On March 11, 1997, appellant filed separate requests for a jury trial for each case. All three cases were heard on April 10, 1997, in a single bench trial. The trial court found appellant guilty on all charges. Appellant was sentenced on February 6, 1998.
Appellant has filed a timely appeal from his convictions and raises a single assignment of error:
 "[Appellant] was denied the right to trial by jury pursuant to Section 5, Article 1, of the Ohio Constitution and Section 2945.17 of the Ohio Revised Code."
 R.C. 2945.17 provides that: "[a]t any trial, in any court, for the violation of any statute of this state * * *, except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury." If the potential penalty includes imprisonment for any length of time, the accused is entitled to a jury trial. State v. Ferguson (1955), 100 Ohio App. 191, 198. In this case, appellant was charged with two first degree misdemeanors and three fourth degree misdemeanors, which exposed him to jail sentences of thirty days to six months. Therefore, he was entitled to demand a trial by jury.
A demand for a jury trial must be made not less than ten days before trial, or on or before the third day following receipt of notice of the trial date, whichever is later. Crim.R. 23(A). In the instant case, appellant filed his demand for a jury trial on March 11, 1997, almost thirty days before the trial was held on April 10, 1997. Appellant never subsequently filed a written waiver of trial by jury.
The fact that appellant did not object to the trial court proceeding with a bench trial is of no matter. Silent acquiescence to a bench trial is not sufficient to constitute a waiver of a defendant's right to a trial by jury. State v. Tate (1979), 59 Ohio St.2d 50, 53.
In view of the foregoing, we find that the trial court erred in denying appellant a trial by jury. This is prejudicial error, which requires us to reverse the conviction of
the trial court and remand the cause to the Portage County Municipal Court for a new trial.
______________________________________ JUDGE WILLIAM M. O'NEILL
MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment,
NADER, J., concur.
NOTE: Judge Joseph Mahoney died on March 6, 2001, but his vote in this case was recorded on February 7, 2001.