JOURNAL ENTRY AND OPINION
Raymond Scott appeals from a judgment of the trial court finding him guilty of having a weapon while under disability following a bench trial. He assigns the following as error for our review:
 I. THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE THE COURT FAILED TO COMPLY WITH 2945.05 WHEN IT DID NOT FILE A JURY WAIVER UNTIL MARCH 30, 2000, ONE DAY AFTER THE APPELLANT'S TRIAL BEGAN.
 II. PURSUANT TO R.C. 2945.05 THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE THE COURT DID NOT PROCURE A WAIVER OF A TRIAL BY JURY IN OPEN COURT PRIOR TO THE COMMENCEMENT OF TRIAL.
Having reviewed the arguments of the parties and the relevant law, we affirm the judgment of the trial court. The apposite facts follow.
On June 16, 1999, Scott and Jamar Gibson engaged in a verbal confrontation outside of Amel's, a convenient store located on 117th street in Cleveland, Ohio. After a few minutes, the argument dissipated and the two went their separate ways. Later on that evening, however, Scott found Gibson at Tyrone Johnson's house, pulled a gun out and shot him in the right leg as Gibson attempted to leave in his vehicle. Scott chased him in his own vehicle while Gibson ran through a neighborhood. Eventually, Gibson ran into a store and police were called to the scene.
In February 2000, a grand jury indicted Scott for felonious assault, attempted murder and having a weapon while under disability. The felonious assault and attempted murder counts each included one, three, and five year firearm specifications. On March 29, 2000, a jury heard the felonious assault and attempted murder counts. Scott tried his disability weapon's case to the trial court. Apparently, Scott had a prior record. On the second day of the jury trial, and prior to its conclusion, Scott executed a written jury waiver as to count three.
On March 31, 2000, the jury returned a verdict of not guilty on the attempted murder count and declared a mistrial on the felonious assault count. As a result of a plea bargain on July 19, 2000, Scott entered a guilty plea to felonious assault and the state deleted all of the firearm specifications. The court then sentenced Scott to a term of twelve months for the weapon under disability count and five years of community control sanctions for the felonious assault count.
On appeal, Scott claims the court lacked jurisdiction when it conducted a bench trial because it had failed to comply with R.C. 2945.05. We disagree.
R.C. 2945.05 provides:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows:
 I . . . . . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.
Further, in State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, at paragraph one of the syllabus, the court stated:
 In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (State v. Tate [1979], 59 Ohio St.2d 50, 13 Ohio Op.3d 36, 391 N.E.2d 738, and State ex rel. Jackson v. Dallman [1994], 70 Ohio St.3d 261, 638 N.E.2d 563
construed and applied.)
See also, State v. Coleman (May 9, 1996), Cuyahoga App. No. 69202, unreported.
Crim. R. 23(A) also bears on the issue presented insofar as it states in relevant part:
Trial by jury or by the court
(A) Trial by jury.
 In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. ***
In the instant case, on the second day of trial, Scott waived his right to a jury. On the record, in open court, but out of the presence of the jury, the following dialogue occurred:
 THE COURT: The Court does have a document in front of it captioned defendant's waiver, defendant's voluntary waiver of jury trial in regards to count three only.
 Yesterday we began the trial. The Court neglected to get the same, and this does have does read, I, Raymond Scott, the defendant in the above cause, hereby voluntarily and knowingly waive or relinquish my right to a trial by jury, and like to be tried by a judge of the court in which cause may be pending.
 I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.
*** Mr. Scott, is that your signature?
THE DEFENDANT: Yes.
 THE COURT: Okay. This jury waiver was acknowledged by the defendant in the presence of the Court. The Court shall journalize said waiver, make it part of the record pursuant to 2945.05. Okay.
Here, it is clear from the transcript of the proceedings that the waiver had been in writing, signed by Scott, made in open court and incorporated into the record. In addition, the waiver had been filed on March 30, 2000 as evidenced by the time-stamp of the Clerk's Office. In accordance with Crim.R. 23(A), the waiver may be made during a trial with the approval of the court and the prosecuting attorney, as had been the case here.
Therefore, we have concluded the court did have jurisdiction over Scott to conduct a bench trial as to count three of the indictment. Accordingly, these assignments of error are without merit and the judgment of the court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. _______________________________________ PATRICIA ANN BLACKMON, PRESIDING JUDGE:
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.