JOURNAL ENTRY AND OPINION
Defendant-appellant, George Semenchuk, appeals the judgment of the City of Cleveland Municipal Court, rendered after a bench trial, finding him guilty of driving while under a suspension, in violation of Section 435.07 of the Codified Ordinances of the City of Cleveland. For the reasons that follow, we reverse and remand.
At approximately 6:30 p.m. on August 31, 2000, Cleveland police officers Michael Tracy and Luis Rivera responded to a radio dispatch regarding an assault on the manager at Monroe's Cabaret, located at 3245 West 25th Street in Cleveland. The officers pulled into the parking lot of the establishment and were immediately flagged down by several employees who pointed to a white van and yelled, "There he is, there he is." The van, driven by appellant, was moving towards the exit so the officers blocked the exit with their squad car. When the officers approached the van and asked appellant several questions, they noticed the faint odor of alcohol on appellant's breath. Appellant was also belligerent and uncooperative. When the officers asked appellant to step out of the van, he became even more hostile so, to protect their safety, the officers placed appellant in the backseat of their squad car.
Upon interviewing several employees and the manager, the officers learned that appellant had requested a lap dance but then refused to pay for it. When the manager intervened, appellant and the manager got into an argument and appellant assaulted the manager.
Upon running a record check of appellant's Social Security Number, the officers learned that appellant's driver's license was under multiple suspensions. The officers issued a citation for driving while under a suspension, in violation of City of Cleveland Cod. Ord. 435.07, and failure to wear a seatbelt, in violation of City of Cleveland Cod. Ord. 437.27(b)(1), and arrested appellant for assault.
On September 2, 2000, a complaint charging appellant with driving while under a suspension and failure to wear a seatbelt was filed in the Cleveland Municipal Court. Driving under a suspension is a first degree misdemeanor which is punishable by imprisonment not to exceed six months and, therefore, constitutes a petty offense by virtue of Crim.R. 2.
Appellant entered a plea of not guilty to the charges and on September 26, 2000, filed a written demand for a jury trial pursuant to Crim.R. 23(A).
On March 6, 2001, after a hearing, the trial court denied appellant's motion to suppress and proceeded to conduct a bench trial. The trial court found appellant guilty of driving under suspension but not guilty of driving without a seatbelt, and sentenced him to 180 days incarceration, 120 days suspended, and a fine of $1,000 plus csts.
Appellant raises five assignments of error for our review:
 I. THE COURT WAS WITHOUT JURISDICTION WHEN THE CASE WAS TRIED WITHOUT A WAIVER OF A JURY TRIAL.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO DISMISS.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED POLICE OFFICERS TO TESTIFY AS TO THEIR INVESTIGATION OF THE CLAIM OF AN ALLEGED ASSAULT.
 IV. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTION FOR JUDGMENT OF ACQUITTAL WAS OVERRULED AS THERE WAS A MATERIAL VARIANCE BETWEEN THE ALLEGATIONS OF THE COMPLAINT AND THE PROOF.
 V. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTION FOR JUDGMENT OF ACQUITTAL WAS OVERRULED.
In his first assignment of error, appellant contends that the trial court was without jurisdiction to conduct a bench trial because he filed a written jury demand and subsequently, never waived his right to a jury trial. We agree.
Crim.R. 23(A) provides in part:
 * * * In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court * * *.
In State v. Tate (1979), 59 Ohio St.2d 50, certiorari denied (1979),444 U.S. 967, the Supreme Court of Ohio held:
 Where a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury.
R.C. 2945.05 provides in relevant part:
 In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.
* * *
 Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. * * *
Thus, "once the defendant has properly demanded a jury trial in a petty case, the court simply cannot proceed to trial, or even to a finding of guilty after a no-contest plea, without a written jury waiver, signed by the defendant and made part of the record." State v. Fish (1995),104 Ohio App.3d 236, 239.
The State argues that appellant "constructively waived" his right to a jury trial because defense counsel agreed to proceed with a bench trial. It is quite apparent that in this case, however, appellant did not waive the right to a jury trial in the manner provided by R.C. 2945.05. "There is nothing to show the defendant himself ever, in writing, waived his right and the opinion in Tate, supra, makes it quite clear that neither silent acquiescence nor oral waiver by counsel is adequate." State v.Cheadle (1986), 30 Ohio App.3d 253, 254.
Because no waiver was obtained here, we are obliged to reverse and remand for trial by jury. We note, however, that "the facts glaringly show that there was an obvious courtroom sandbagging perpetrated upon the trial judge by the defendant and his trial counsel." Tate,59 Ohio St.2d 50, 55 (Holmes, J., concurring). Appellant was represented by competent and experienced counsel who both signed and filed appellant's written demand for a jury trial on September 26, 2000. Yet, when this same counsel was specifically asked by the trial judge not once, but on two separate occasions prior to trial whether he wanted to proceed with a bench trial, counsel responded affirmatively without ever mentioning that appellant wanted a jury trial. The trial proceeded and upon being found guilty, appellant and his counsel again made no comment or complaint regarding proceeding without a jury. When appellant and his counsel appeared for sentencing three weeks later, there was again no mention of the lack of a jury trial. The circumstances of this case suggest that perhaps the appellant but certainly his counsel was aware of the situation and took advantage of it, knowing that the case could be appealed and then reversed on the lack of a jury trial. Nevertheless, because R.C. 2945.05 was not complied with in this case, we are constrained to find that appellant was denied his constitutional right to trial by a jury. Therefore, we must reverse appellant's conviction and remand the case for a new trial. Appellant's first assignment of error is therefore sustained.
In light of our resolution of appellant's first assignment of error, assignments of error two through five are moot and we need not consider them. App.R. 12(A)(1)(c).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS; and FRANK J. CELEBREZZE, JR., J.,CONCURS IN JUDGMENT ONLY.