OPINION
Appellant, Robert A. Fisher, Sr., appeals from the April 5, 2001 judgment entry of the Chardon Municipal Court, Geauga County.
On March 11, 2001, a complaint was filed alleging that appellant committed aggravated menacing, a violation of R.C. 2903.21. Appellant filed a demand for a jury trial on March 28, 2001. Appellant's trial was held on April 5, 2001.
At the commencement of the trial, the prosecutor requested that the charge be amended to menacing, a violation of R.C. 2903.22 and a misdemeanor of the fourth degree.[1] Because appellant has already served twenty-five days in jail, the prosecutor stated that he was not seeking additional jail time for appellant. The trial court granted the prosecution's requested amendment of the charge. The trial court then told appellant: "You'd ask[ed] for a jury but there's, but I'm going to deny your request for a jury since whether there's a conviction or not, there won't be any jail and since there's no potential for jail there's no right to a jury trial." The trial court proceeded with a bench trial, found appellant guilty of menacing, and fined him $100 plus costs.
Appellant has filed a timely appeal and makes the following assignments of error:
 "[1.] The trial court erred to the prejudice of [appellant] in denying him the right to a fair and impartial trial by jury.
 "[2.] The trial court erred to the prejudice of [appellant] by denying [his] constitutional right to a trial by jury absent a valid waiver of the right.
 "[3.] The trial court erred to the prejudice of [appellant] by finding [him] guilty of menacing based on the evidence presented at trial."
Appellant's first and second assignments of error will be treated in a consolidated fashion. In these two assignments of error, appellant correctly asserts that the trial court erred in denying him a trial by jury in the absence of a valid waiver.
The right to a jury trial in Ohio for a misdemeanor offense is not absolute and unrestricted and may be conditioned upon the defendant making a written demand for such a trial. State v. Tate (1979),59 Ohio St.2d 50, 52. R.C. 2945.17 states that "[a]t any trial, in any court, for the violation of any statute of this state * * * except in cases in which the penalty involved does not exceed a fine of one hundred dollars, the accused has the right to be tried by a jury."
The commentary to R.C. 2945.17 provides that "[a]n accused is entitled to a jury if the potential penalty for the offense charged is a fine of more than $100, even if imprisonment isn't imposed, or if the potential penalty includes imprisonment for any length of time no matter how short, even though a fine isn't imposed." Further, this court has held that a defendant is entitled to a jury trial if the potential penalty includes imprisonment for any length of time. State v. Taylor (May 11, 2001), 11th Dist. No. 98-P-0020, 2001 WL 502006, at 1. The potential penalty for a conviction for menacing, a fourth degree misdemeanor, is thirty days imprisonment and/or a fine of $250. R.C. 2929.21.
Here, the trial court stated at the commencement of the trial that it would not sentence appellant to any additional jail time, nor would his fine exceed $100. However, it is the potential penalty, as defined by the relevant statute or statutes that determines whether a defendant has a right to a jury trial. The placement of a ceiling on the potential penalty by means of judicial fiat on the day of trial has no bearing on whether appellant is entitled to a jury trial. Because appellant was charged with a violation of R.C. 2903.22, which, as a fourth degree misdemeanor, subjected him to a potential penalty of thirty days imprisonment and a fine of $250, he had a right to a jury trial. Appellant could have waived his right to a jury trial, but did not do so. Therefore, his first assignment and second assignment of error are well taken.
In view of our treatment of appellant's two assignments of error, his third assignment of error is moot.
For the foregoing reasons, the decision of the Chardon Municipal Court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] The maximum penalty for a fourth degree misdemeanor is thirty days imprisonment and a fine of $250. R.C. 2929.21(B)(4) and (C)(4).