OPINION
{¶ 1} Defendant-appellant, Jerry Downs, appeals his conviction of Driving While Under the Influence of Alcohol in the October 13, 2004 judgment entry of the Ashtabula County Court, Eastern District, Jefferson, Ohio. Since Downs did not execute a written jury waiver, we reverse Downs' conviction for Driving While Under the Influence of Alcohol and remand this action with instructions to proceed with further proceedings consistent herewith.
 {¶ 2} On February 12, 2004, Downs was issued a traffic citation by Ohio State Trooper Rick Caraway charging him with Driving While Under the Influence of Alcohol, an "unclassified" misdemeanor in violation of R.C.4511.19(A)(1), and Operating Vehicle Without Reasonable Control, a minor misdemeanor in violation of R.C. 4511.202. Downs was convicted on both charges following a bench trial on October 13, 2004.
 {¶ 3} On the charge of Operating Vehicle Without Reasonable Control, the court ordered Downs to pay a $50 fine.
 {¶ 4} Since the current charge was Downs' third Driving While Under the Influence of Alcohol offense within six years, Downs was sentenced according to the provisions of R.C. 4511.19(G)(1)(c), which provides for a mandatory thirty-day jail term, a maximum possible jail term of one year, a fine of between $550 and $2,500, mandatory license suspension, criminal forfeiture of the offender's vehicle, and participation in an alcohol addiction program. The court sentenced Downs to 360 days in jail, suspended 330 days, and permitted Downs to serve 90 days under electronically monitored house arrest (EMHA). The court further ordered Downs to pay a $550 fine plus court costs, suspended his license for 1,440 days, and placed him under two years of supervised community control sanctions.[1]
 {¶ 5} From this ruling, Downs filed a delayed appeal of his Driving While Under the Influence of Alcohol conviction only and raises the following assignments of error:
 {¶ 6} "[1.] There was insufficient evidence, as a matter of law, to find beyond a reasonable doubt that Jerry Downs had operated the motor vehicle.
 {¶ 7} "[2.] The Trial Court lacked jurisdiction in this case because Jerry Downs never waived his right to a jury trial."
 {¶ 8} Since Downs' second assignment of error is dispositive of this appeal, we will address it first.
 {¶ 9} The term "jurisdiction" broadly encompasses "the courts' statutory or constitutional power to adjudicate the case." Pratts v.Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11, quoting Steel Co.v. Citizens for a Better Environment (1998), 523 U.S. 83, 89. More particularly, "jurisdiction" may refer to a court's authority over the subject matter or over the person, as well as "to a court's exercise of its jurisdiction over a particular case." Id. at ¶ 12 (emphasis added). "Once a tribunal has jurisdiction over both the subject matter and of an action and the parties to it, `* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.'" Id. (citations omitted). It is only when a trial court acts without subject-matter jurisdiction that its judgment is void; a defect in the exercise of that jurisdiction renders the judgment voidable. Id. (citation omitted).
 {¶ 10} Downs argues that the county court erred in the exercise of its jurisdiction by holding a bench trial when Downs had not waived, inwriting, his right to a jury trial. We reluctantly agree.
 {¶ 11} Rule 23 of the Ohio Rules of Criminal Procedure provides that "[i]n serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury." The third-time offender charge of Driving While Under the Influence constitutes a "serious offense" since it carries a possible period of confinement of "more than six months." Crim.R. (2)(C). The waiver of a defendant's right to trial by jury must "be in writing, signed by the defendant, and filed * * * and made a part of the record." R.C. 2945.05.
 {¶ 12} This is a mandatory provision; a jury waiver must be in writing and signed by the appellant. State v. Tate (1979), 59 Ohio St.2d 50
(where silence was insufficient to waive a right to a jury trial). See also, State v. Smith (1987), 38 Ohio App.3d 149 (where trial court judge's affidavit that the defendant orally waived his right to a jury in open court was insufficient).
 {¶ 13} In construing the foregoing statutory language, the Supreme Court of Ohio has held that a trial court loses the jurisdiction to conduct a bench trial in a criminal proceeding when the requirement of a written waiver is not satisfied. State v. Pless, 74 Ohio St.3d 333,1996-Ohio-102, paragraph one of the syllabus.
 {¶ 14} The State concedes in the present case that Downs never waived his right to a jury trial as provided by R.C. 2945.05. Therefore, the county court's exercise of jurisdiction was in error. Pratts,2004-Ohio-1980, at ¶ 32 ("strict compliance [with R.C. 2945.05] may not be voluntarily waived and is always reversible on direct appeal"); Statev. Tate (1979), 59 Ohio St.2d 50, 54.
 {¶ 15} Downs' second assignment of error has merit; Downs' first assignment of error is rendered moot.
 {¶ 16} For the foregoing reasons, Downs' conviction for Driving While Under the Influence is reversed and this cause is remanded for a new trial.
O'Neill, J., Rice, J., concur.
[1] Downs' sentence has been stayed pending appeal.