[Cite as *State v. White*, 2022-Ohio-1635.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-L-106** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Painesville Municipal Court |
| CHARLES A. WHITE, | Trial Court No. 2021 CRB 00589 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: May 16, 2022
Judgment: Reversed and remanded

*Joseph Hada,* Madison Township Prosecutor, 1392 Som Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Wesley A. Johnston,* 6060 Rockside Woods Boulevard, N., Suite 200, Cleveland, OH 44131 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Charles A. White, appeals from the judgment of the Painesville Municipal Court, convicting him, after a bench trial, of assault, a misdemeanor of the first degree. At issue is whether the trial court possessed the authority to conduct a bench trial after appellant, through counsel, demanded a jury trial and did not formally waive his right to be tried to a jury. We answer this question in the negative and therefore reverse and remand the matter.

{¶2} Appellant was charged with assault, in violation of R.C. 2903.13(A). Appellant, on June 2, 2022, filed a jury trial demand. On August 30, 2021, however, the

matter proceeded to a bench trial. Neither defense counsel, who filed the jury demand, nor appellant took issue with the matter proceeding to trial before the bench. Appellant was found guilty and sentenced to 180 days in jail (with 120 suspended), one year probation, a fine, and a no-contact order with the victim. Appellant moved for a stay of execution of his sentence, which the trial court granted. He now appeals and assigns the following as error:

{¶3} "The trial court erred because the court had no jurisdiction to conduct a bench trial without a proper jury waiver."

{¶4} "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax,* 114 Ohio St.3d 350, 2007-Ohio-4277, ¶6, Further, "[t]he accused's right to be tried by a jury is secured in this state by Article I, Section 10 of the Ohio Constitution." *State v. Tate,* 59 Ohio St.2d 50, 52 (1979). Nevertheless, "'[t]he guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *.' " *Tate* at 52, quoting *Mentor v. Giordano,* 9 Ohio St.2d 140 (1967), paragraph one of the syllabus.

{¶5} Crim.R. 23(A) provides that "[i]n petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such a demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial * * *. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

Case No. 2021-L-106

**{¶6}** Appellant was charged with one first-degree misdemeanor charge that subjected him to a maximum prison term of six months. As a result, appellant was charged with a petty offense for the purposes of Crim.R. 23(A) and was required to file a written jury demand to preserve her rights. *See* Crim.R. 2(D) (defining "petty offense" to involve an offense which carries the potential of confinement for a term of less than six months). He did so.

**{¶7}** Once a defendant in a petty-offense case requests a jury trial, the trial court may not conduct a bench trial "'unless the defendant makes a knowing, voluntary, and intelligent waiver of his right to a jury trial, and that waiver is made part of the record pursuant to R.C. 2945.05.'" *State v. Dengg*, 11th Dist. Portage No. 2008-P-0063, 2009-Ohio-4101, ¶25, quoting *State v. Pflanz*, 135 Ohio App.3d 338, 339 (1st Dist.1999). Furthermore, even though counsel did not object to the matter proceeding to a bench trial, the failure to object is of no moment. "Silent acquiescence to a bench trial is not sufficient to constitute a waiver of a defendant's right to a trial by jury." *State v. Taylor*, 11th Dist. Portage No. 98-P-0022, 2001 WL 501984, *1 (May 11, 2001). As the Supreme Court of Ohio observed in *Tate*, *supra*:

> **{¶8}** While the circumstances of this cause could lead one to surmise that appellant was aware of the situation and possibly took advantage of it, we cannot accept the proposition that there was a waiver of this right by silence. To do so would not only conflict with years of constitutional precedent, it could well require this court to review the circumstances of all such similar cases to determine whether the conduct and education of the accused and the adequacy of his counsel would support such an implicit waiver in each instance. As was stated in *Simmons v. State* (1906), 75 Ohio St. 346, at paragraph two of the syllabus, "[s]uch waiver must clearly and affirmatively appear upon the record, and it cannot be assumed or implied by a reviewing court from the silence of the accused * * *." Furthermore, "[e]very reasonable presumption should be made against the waiver, especially when it relates to a right or privilege

3

deemed so valuable as to be secured by the Constitution." *Id.*, at 352.

{¶9} To possess authority to try appellant to the bench *after* he made the requisite jury demand, the record must reflect he signed a written waiver of his right to a jury trial in open court and the waiver was filed. R.C. 2945.05; *see also Tate*, *supra*, at 53-54. The provisions of R.C. 2945.05 are mandatory. *State v. Downs*, 11th Dist. Ashtabula No. 2004-A-0084, 2005-Ohio-4646, ¶12, citing *Tate*, *supra*. No such waiver appears in the record. Because the dictates of R.C. 2945.05 were not followed, the trial court lacked jurisdiction to conduct a bench trial. *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus. ("Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury.") We therefore hold appellant was denied his constitutional right to trial by jury. This is a prejudicial error requiring reversal of appellant's conviction and remanding the matter for a new trial. *Tate*, *supra*.

{¶10} Appellant's assignment of error has merit.

{¶11} For the reasons discussed in this opinion, the judgment of the Painesville Municipal Court is reversed and remanded.

THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2021-L-106