[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 333.]

THE STATE OF OHIO, APPELLEE, *v*. PLESS, APPELLANT.

[Cite as State v. Pless, 1996-Ohio-102.]

*Criminal law—Requirements for waiver of right to trial by jury—Absent strict compliance with R.C. 2945.05, trial court lacks jurisdiction to try defendant without a jury—Failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction.*

————————————

1. In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. (*State v. Tate* [1979], 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, and *State ex rel. Jackson v. Dallman* [1994], 70 Ohio St.3d 261, 638 N.E.2d 563, construed and applied.)

2. The failure to comply with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. (*State v. Tate* [1979], 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738; *State ex rel. Jackson v. Dallman* [1994], 70 Ohio St.3d 261, 638 N.E.2d 563; and *State ex rel. Larkins v. Baker* [1995], 73 Ohio St.3d 658, 653 N.E.2d 701, harmonized.)

————————————

(No. 94-2526—Submitted October 24, 1995—Decided January 17, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 63477.

————————————

{¶ 1} On July 11, 1991, Carroll Dean Pless, appellant, brutally murdered Sherry Lockwood in Cuyahoga County, Ohio. On July 22, 1991, the Cuyahoga

County Grand Jury indicted appellant on two separate counts of aggravated murder. Count One charged appellant with purposely, and with prior calculation and design, causing Lockwood's death. Count Two charged appellant with the purposeful killing of Lockwood during the commission of an aggravated burglary and/or kidnapping. Each of the two counts of aggravated murder carried four death penalty specifications,[1] a firearm specification, and a specification alleging that appellant had a prior aggravated felony conviction. Appellant was also indicted, in Counts Three and Four, for aggravated burglary and kidnapping, respectively, with a firearm specification and a specification alleging that appellant had a prior aggravated felony conviction. Additionally, appellant was indicted for intimidation of a witness (Count Five) and for having a weapon while under disability (Count Six). The fifth and sixth counts of the indictment each carried a firearm specification and a specification alleging that appellant had previously been convicted of a violent offense.

{¶ 2} On January 13, 1992, appellant appeared in open court and voluntarily signed a written waiver of his right to trial by jury.[2] Thereafter, the trial court issued

---

1. The first death specification in connection with each count of aggravated murder alleged that appellant had a prior (1983) attempted murder conviction (see R.C. 2929.04[A][5]), the second alleged that appellant had purposefully killed Lockwood during the commission of an aggravated burglary (R.C. 2929.04[A][7]), the third alleged that the killing occurred during the course of a kidnapping (R.C. 2929.04[A][7]), and the fourth alleged that appellant had killed Lockwood to prevent her from testifying in a criminal proceeding (R.C. 2929.04[A][8]).

2. The record before us contains a transcript of the proceedings wherein appellant signed a written waiver of his right to trial by jury. The following colloquy occurred in open court:

"JUDGE BURNSIDE: You [appellant] have been brought before the Court because your counsel has advised me that you are desirous of waiving your right to a jury trial, and elect instead to be tried before a three-judge panel provided for under the criminal rules. Is that correct?

"THE DEFENDANT: Yes, ma'm.

"JUDGE BURNSIDE: Okay. You have had an opportunity to discuss this with your lawyers today and probably even before today?

"THE DEFENDANT: Yes.

"JUDGE BURNSIDE: Okay. Any questions whatsoever about the wisdom of doing that? Have you, I don't want you to ask any the questions [sic], but do you have any question in your mind about the wisdom of waiving a jury and electing instead to go to a three-judge panel?

"THE DEFENDANT: No.

"JUDGE BURNSIDE:  * * * I'm going to ask you to sign a defendant's waiver of a jury trial, and I'm going to read it and what it says, and if there is any question you have of your counsel present to answer any of your questions.

"It would read, if you were to sign it, I, Carroll Dean Pless, the defendant in this case hereby voluntarily waive and relinquish my right to a trial by jury and elect to be tried by a, this is going to have to be changed to a three-judge panel of this court of common pleas.  I understand that I have a right under the Constitution and laws of both the United States and State of Ohio to a jury, trial by a jury of 12, and that no verdict could be made by a jury except by the agreement of all 12 members of that jury.

"I further state no threats or promises have been made to induce me to waive this right, and I am not under the influence of any alcohol, drugs or medication that would affect my decision.

"So you understand you do have a right to a jury trial, right?

"THE DEFENDANT:  Yes, ma'am.

"JUDGE BURNSIDE:  And you understand that when you waive that right in this particular case it is, it is an election to be tried by a three-judge panel, do you understand that?

"THE DEFENDANT:  Yes.

"JUDGE BURNSIDE:  I'm going to change the language here so it reads three-judge panel, and the three-judge panel would be drawn from the judges of this Court.  As a matter of fact, I understand that's been selected, and I, of course, remain the chief of the panel.  You understand that?

"THE DEFENDANT:  Yes.

"JUDGE BURNSIDE:  It says here you would be signing a document that no threats or promises have been made to induce you to enter this plea.  Is that true?

"THE DEFENDANT:  Yes.

"JUDGE BURNSIDE:  No threats, no promises?

"THE DEFENDANT:  No.

"JUDGE BURNSIDE:  Further, let's go to the statement here where you will be signing saying you are not under the influence of any drugs, alcohol or medication.  Is that a true statement?

"THE DEFENDANT:  True.

"JUDGE BURNSIDE:  Are you under any medication whatsoever?

"THE DEFENDANT:  None.

"JUDGE BURNSIDE:  Certainly not under the influence of any drugs legal or otherwise and no alcohol?

"THE DEFENDANT:  None.

"JUDGE BURNSIDE:  All right.  Mr. Carlin [appellant's trial counsel], I'll hand this back to you, and I'll give you an opportunity, if you want, to discuss it.  You can step over to the bailiff's desk.

"Thank you.

"Okay, Mr. Pless, I'm going to show you this document that Mr. Carlin has just handed me, and the record should reflect it is the piece of paper I read from a moment ago, only now it has filled upon it the case number, the statement of the case.  The State of Ohio versus Carroll D. Pless, and it also reads, I, Carroll Dean Pless, the defendant in this case, as I have read it, and it now also bears your signature.  Did you in fact sign this?

"THE DEFENDANT:  Yes, I did.

"JUDGE BURNSIDE:  Let the record further reflect that this waiver also reflects the following certification of both Mr. Carlin and Mr. Wagner, counsel for Mr. Pless, I hereby certify, actually it would be we hereby certify that we are assigned counsel for the defendant in the case, that we have explained to our client his rights under the Constitution and the laws of the United States and the

a journal entry stating that appellant had waived his right to a jury trial and had elected to be tried before a three-judge panel. However, appellant's signed, written waiver is not contained in the record. There is no evidence that the written waiver was ever filed of record and/or included in the trial court's case file.

{¶ 3} Appellant was tried before a three-judge panel. The panel found appellant guilty of all charges and specifications alleged in the indictment, except

State of Ohio to trial by jury. No threats or promises have been made to induce the defendant to waive that right, and we certify that this waiver has been knowingly, intelligently and voluntarily made.

"Did you sign this, Mr. Carlin?

"MR. CARLIN: Yes, I have, your Honor.

"JUDGE BURNSIDE: Mr. Wagner?

"MR. WAGNER: Yes, your Honor.

"JUDGE BURNSIDE: Any question in your minds, counselors, that your client understands his waiver of rights and hes [*sic,* his] election to have the matter heard by a three-judge panel?

"MR. CARLIN: Your Honor, we have discussed it with Mr. Pless in quite lengthy terms, as well as with his mother, who is in the courtroom today, family and friends. We explained to them that a three-judge panel would consider evidence which is relevant to the case, only that relevant evidence, and should any evidence that -- that should harmless error come into the trial, it would not be considered by the three-judge panel because under the law that three-judge panel is presumed to consider only relevant evidence and will disregard any other evidence.

"He understood this with respect to our discussion regarding the appeal process should a conviction be returned, he understood that as well as other matters which Mr. Wagner and I discussed with him regarding the selection of the panel, and he understood and he agreed to it fully. And I think that he did it knowingly, intelligently and voluntarily.

"JUDGE BURNSIDE: Okay. Mr. Wagner?

"MR. WAGNER: Your Honor, I echo what Mr. Carlin has stated. I would add further that this is a decision that has been arrived at after weeks and months of discussion and thought, and I believe that there is no question that Mr. Pless thoroughly understands his rights.

"JUDGE BURNSIDE: Okay.

"Any questions at all Mr. Pless?

"THE DEFENDANT: None, your Honor.

"JUDGE BURNSIDE: By the way, do you read and write English?

"THE DEFENDANT: Yes.

"JUDGE BURNSIDE: So you have had an opportunity to read this before you signed it?

"* * *

"THE DEFENDANT: I understand the language and what you read to me, and I understand it.

"* * *

"JUDGE BURNSIDE: I'm going to accept your waiver of a jury to a three-judge panel as being voluntarily, intelligently and knowingly given. I am going to put this on [the] Court's journal."

for the prior aggravated felony specification in Counts One through Four of the indictment. For the aggravated murder of Lockwood, the panel sentenced appellant to death. For the remaining offenses, appellant was sentenced in accordance with law. On appeal, the court of appeals affirmed appellant's convictions and sentences, including the sentence of death.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *Carmen Marino*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Kathleen A. McGarry*, Assistant Public Defender, and *David Doughten*, for appellant.

_____

**DOUGLAS, J.**

{¶ 5} Appellant advances twenty propositions of law for our consideration. In his first proposition of law, appellant contends that the three-judge panel had no jurisdiction to conduct the trial because appellant's written waiver of the right to trial by jury was never filed with the trial court and made part of the record in the case. We agree, and find this issue to be dispositive of this appeal.

{¶ 6} R.C. 2945.05 provides that:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. *Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.* * * *" (Emphasis added.)

{¶ 7} The requirements of R.C. 2945.05 are clear and unambiguous. The statute requires that in order to effectuate a valid waiver of the right to trial by jury, the defendant in a criminal action must sign a written waiver, *and the waiver must be filed and made a part of the record in the criminal case.* In the absence of strict compliance with R.C. 2945.05, a trial court lacks jurisdiction to try the defendant

5

without a jury. See *State v. Tate* (1979), 59 Ohio St.2d 50, 13 O.O.3d 36, 391 N.E.2d 738, and *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563.

{¶ 8} In *Tate*, *supra*, Elbert Tate was charged with a second degree misdemeanor offense, entered a plea of "not guilty," and filed a written demand for a jury trial. Tate never executed a written waiver of his right to trial by jury. However, the trial court tried and convicted Tate without a jury. On appeal, the court of appeals affirmed the judgment of the trial court. On further appeal, this court reversed the judgment of the court of appeals and remanded the cause to the trial court for a new trial. In *Tate*, *supra*, syllabus, we held that "[w]here a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing *in the manner provided by R.C. 2945.05*, in order for the trial court to have jurisdiction to try the defendant without a jury." (Emphasis added.)

{¶ 9} In *Dallman, supra*, Theodore R. Jackson, Jr., was tried before a judge and was convicted of a felony offense. Following the bench trial, Jackson filed a petition for a writ of habeas corpus in the court of appeals, alleging that the trial court had lacked jurisdiction to try him without a jury. In the petition, Jackson claimed, among other things, that he had never signed a waiver of his right to a jury trial. However, the evidence before the court of appeals clearly indicated that Jackson had signed a written waiver form, but that the written waiver had never been filed and made part of the record in the criminal case. The court of appeals denied the writ, finding that the trial court had complied with R.C. 2945.05.

{¶ 10} In *Dallman*, we reversed the judgment of the court of appeals and issued the writ of habeas corpus, holding that since the waiver form was not part of the record in the criminal case, "the common pleas court did not comply with R.C. 2945.05, and it lacked jurisdiction to subsequently try and convict Jackson." *Id.*,

70 Ohio St.3d at 262, 638 N.E.2d at 565. In *Dallman*, we emphasized the importance of compliance with R.C. 2945.05, stating that "[t]here must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury." *Id*.

{¶ 11} Recently, in *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 653 N.E.2d 701, this court limited the holdings of *Tate* and *Dallman*. In *Larkins*, Ronald Larkins appeared in open court and signed a written waiver of his right to trial by jury. The signed waiver form was placed in the trial court's case file, but was not filed of record with the clerk of courts. Following a bench trial, Larkins was convicted of aggravated murder, aggravated robbery, and attempted murder. Thereafter, Larkins filed a petition for habeas corpus in the court of appeals. The court of appeals granted the writ, finding that the trial court had failed to strictly comply with R.C. 2945.05, since there was no evidence that Larkins's written waiver form had ever been formally filed and made a part of the record in the criminal case.

{¶ 12} In *Larkins*, *supra*, we reversed the judgment of the court of appeals, holding that "a writ of habeas corpus will not lie where a criminal defendant has waived his right to a jury trial by executing a written waiver, where the waiver is handed to the trial judge *and placed in the court's case file*, but is not file stamped." (Emphasis added.) *Id*. at 659, 653 N.E.2d at 702. In *Larkins*, we found that the trial court's failure to strictly comply with R.C. 2945.05 did not amount to a jurisdictional defect under the "unique circumstances" of the case. *Id*. at 661, 653 N.E.2d at 703. Additionally, we held that Larkins was not entitled to extraordinary relief, since he could have raised the jury waiver issue on direct appeal from his convictions and sentences and, thus, had an adequate remedy at law. *Id*. at 660, 653 N.E.2d at 702. We distinguished *Tate* in *Larkins,* on the basis that *Tate* addressed the issue of compliance with R.C. 2945.05 only in the context of a direct

appeal from a criminal conviction. *Id*. at 661, 653 N.E.2d at 703. We distinguished *Dallman* on the basis that Larkins's signed written waiver form had actually been placed in the trial court's case file. *Id.* Further, we limited *Tate* and *Dallman* to the extent that those decisions were inconsistent with our holding in *Larkins*. *Id.*

{¶ 13} Although *Larkins* seemingly created an exception to the rule that failure to strictly comply with R.C. 2945.05 deprives a court of jurisdiction to try a criminal defendant without a jury, *the sole proposition for which Larkins stands is that a violation of R.C. 2945.05 is not the proper subject for habeas corpus relief.* Moreover, the "unique circumstances" of *Larkins* are not present in the case at bar. First, *Larkins* is distinguishable on the basis that the case at bar involves a *direct appeal* from a criminal conviction. Second, the record before us contains no evidence that appellant's signed jury waiver form was ever included in the trial court's case file. Here appellant voluntarily signed a written jury waiver form in open court and in the presence of his trial attorneys. The trial court issued an entry specifically acknowledging that appellant had, in fact, waived his right to trial by jury. However, we find that there was a failure to strictly comply with R.C. 2945.05, since there is no evidence that appellant's signed waiver form was ever filed and made part of the record in this case. Therefore, applying the rationale of *Tate* and *Dallman*, we are compelled to find that the three-judge panel had no jurisdiction to try and convict appellant on any of the charges alleged in the indictment.

{¶ 14} We hold that in a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury. Additionally, in an attempt to reconcile *Tate*, *Dallman* and *Larkins*, we hold that the failure to comply

with R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction.

{¶ 15} We are aware that our decision today might not be well received. Appellant is a brutal killer and there is no question concerning his culpability in the slaying of Sherry Lockwood. However, the requirements of R.C. 2945.05 are clear and unambiguous, and we are constrained to enforce the statute as written. If we were to ignore this statute, as some would have us do, then, henceforth, no clear and unambiguous statute would be safe from a "substantial compliance" interpretation.

{¶ 16} Accordingly, we reverse the judgment of the court of appeals, vacate the judgment of the three-judge panel, and remand this cause to the Court of Common Pleas of Cuyahoga County for a new trial. On remand, appellant has the right to a jury trial unless he waives that right and there is strict compliance with R.C. 2945.05.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur separately.

PFEIFER and COOK, JJ., dissent.

_____

**ALICE ROBIE RESNICK, J., concurring.**

{¶ 17} I reluctantly concur in the majority's judgment and opinion. Because of the serious nature of the crimes committed in this case and the apparent overwhelming evidence that appellant voluntarily waived his right to a jury trial, I find it difficult to reverse the convictions on what appears to be a simple technicality. However, I believe we are compelled to reach such a result in this case. The statute is absolutely clear that certain steps must be completed in order

to effectuate a defendant's waiver of the right to a jury trial. The waiver must be (1) in writing, (2) signed by the defendant, (3) filed in said cause, and (4) made a part of the record of the case. R.C. 2945.05. In the instant case, appellant seemingly executed and signed a written waiver, but the waiver was neither filed with the court nor made a part of the record of the case. The statute does not provide for *substantial compliance*. Because the statute is so clear, there can be no doubt the legislature intended that *all* four elements be completed before the jury trial waiver becomes valid.

{¶ 18} In this case, the hearing transcript indicates that the defendant *at one time* clearly chose to waive his right to a jury trial, and that the trial judge was extremely scrupulous in ensuring that the defendant was aware of the consequences of his choice and that he had not been pressured to make that decision. However, no physical document exists to evidence the waiver. In this case, no abuse appears to have occurred, but if we were to allow anything less than strict compliance with the statute, as the dissent would allow, abuses may occur. Moreover, appellant's attorneys, who did not represent him at trial, do not dispute that appellant waived his right to a jury trial. However, even in this case, we cannot be absolutely sure that, after the court had taken the signed waiver form from appellant and had written out the journal entry and after the court reporter had packed up and left, appellant did not change his mind and ask that the waiver form be destroyed or returned to him. A criminal defendant may withdraw the waiver of the right to a jury trial "at any time before the commencement of the trial." R.C. 2945.05.

{¶ 19} In this day of overcrowded dockets and overworked clerks, shortcuts, once permitted, will be taken more and more as acceptable practice and without following the requirements that the General Assembly wrote into the law. In order to ensure that criminal defendants' constitutional rights are conclusively protected, the strict letter of the law must be followed. This protection is especially

important in this case, a death penalty case, which concerns the right to a jury trial, a fundamental right guaranteed by the United States Constitution.

{¶ 20} Accordingly, I respectfully concur with the majority's decision and opinion.

MOYER, C.J., DOUGLAS, WRIGHT AND F.E. SWEENEY, JJ., concur in the foregoing concurring opinion.

————————————

**COOK, J., dissenting.**

{¶ 21} I respectfully dissent from the decision of the majority to reverse appellant's convictions. This case is different from both the *Dallman* and *Tate* cases cited by the majority. In those cases, the trial court record did not affirmatively reflect, as it did in this case, that the defendants voluntarily waived the right to a jury trial. *State ex rel. Jackson v. Dallman* (1994), 70 Ohio St.3d 261, 638 N.E.2d 563, 564, and *State v. Tate* (1979), 59 Ohio St.2d 50, 52-53, 13 O.O.3d 36, 37, 391 N.E.2d 738, 739.

{¶ 22} Our recent decision in *Larkins* overruled *Dallman's* strict compliance limitation and controls the case at hand on the jurisdiction issue. *State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 661, 653 N.E.2d 701, 703. Larkins based his challenge solely on the fact that, although his jury waiver form was physically located in the court file, the absence of a time-stamp thereon defeated the jurisdiction of the trial court to convict him without a jury. The majority in Larkins stated that "[t]he failure to strictly comply with R.C. 2945.05 by failing to file a properly executed written jury trial waiver under these unique circumstances is not a jurisdictional defect and did not affect the trial court's authority to proceed with a bench trial." *Id.* at 661, 653 N.E.2d at 703. *Larkins* relied on R.C. 2945.06 as support for the proposition that a trial court has jurisdiction for a bench trial only if the "defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code."

Based on this, the *Larkins* majority determined that "[t]he failure to strictly comply with R.C. 2945.05 by not filing the executed written waiver was not the result of Larkins' failure to properly waive his right to be tried by a jury and elect to be tried by the court. *** Instead, the failure to comply with R.C. 2945.05 was the result of an error on the part of the trial court to formally file the executed written waiver." *Larkins*, 73 Ohio St.3d at 661, 653 N.E.2d at 703. I, therefore, disagree with the majority's conclusion that *Larkins* is limited to habeas corpus actions or that the result in *Larkins* was dictated by the written waiver's presence in the trial court's case file.

{¶ 23} Like *Larkins*, Pless does not dispute what is reflected in the official court record, that he signed a written waiver of his right to a jury trial, affirmatively waiving his right to a jury trial and consenting to be tried by a three-judge panel. Pless also does not dispute that the trial judge reflected Pless's election in a journal entry. As cited at footnote 2 of the majority opinion, the official transcript of the court details the painstaking efforts of the trial judge to systematically make a clear record of the defendant waiving his right to a jury trial in writing in open court after having considered it for months with input from family and the two lawyers representing him. Through the transcript we have a record of the defendant and his counsel confirming that the defendant had just signed the waiver that the judge was holding in her hand as she proclaimed on the record that she would make the waiver a part of the record. The judge then signed a journalized entry stating that the defendant had elected to be tried before a three-judge panel. With such a record of the defendant's waiver, a missing time-stamped form does not divest the court of jurisdiction according to the reasoning and holding of *Larkins*.

{¶ 24} I would affirm the convictions in all respects.

PFEIFER, J., concurs in the foregoing dissenting opinion.

_____

12