[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Following a bench trial, defendant-appellant William Campbell was convicted of driving under the influence of alcohol or a drug of abuse, in violation of R.C. 4511.19(A)(1), a felony of the third degree. Campbell now appeals, asserting seven assignments of error. We overrule the assignments of error and affirm the judgment of the trial court.
In his first assignment of error, Campbell complains that the trial court lacked jurisdiction to try him without a valid jury waiver. In this case, although Campbell's trial was to the court, Campbell executed a form that waived his rights to be tried by either a jury or the court for the purposes of entering a plea. Clearly, the form was not the right one; it should have simply been a waiver of trial by jury. But it is also clear that Campbell understood and then waived his right to a trial by jury. And the form met the requirements of both R.C. 2945.05 and Statev. Pless[1] in that it was (1) a written waiver, (2) signed by the defendant, (3) filed in this cause, and (4) made part of the record. Finally, Campbell has failed to demonstrate that he was prejudiced by the trial court's use of the wrong waiver form. We overrule the first assignment of error.
In his second assignment of error, Campbell complains that the trial court erred by allowing the state to adduce certain "prejudicial (though irrelevant) evidence" from a defense witness who had asserted his rights under the Fifth and Sixth Amendments to the United States Constitution. Campbell admits that the testimony adduced was irrelevant. Even if we assume for the sake of argument that the trial court's admission of the testimony was improper, Campbell has failed to demonstrate any resulting prejudice. Therefore, we overrule his second assignment of error.
In his third, fourth, and fifth assignments of error, Campbell challenges the weight and sufficiency of the evidence, as well as the trial court's denial of his Crim.R. 29 motion. The state was required to prove that Campbell had operated a vehicle while he was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, pursuant to R.C. 4511.19(A)(1). Campbell stipulated to the fact that he had a prior felony driving-under-the-influence conviction, thus making this offense a felony of the third degree.
In our review of the trial court's denial of Campbell's Crim.R. 29 motion, we must determine whether the evidence was such that reasonable minds could have reached different conclusions as to whether the state had proved each material element of the offense beyond a reasonable doubt.[2] To reverse a conviction on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
In this case, the state presented evidence that Campbell operated a car on a highway at a speed of eighty miles per hour in a forty-mile-per-hour construction zone, near the approach to an exit ramp. A police officer who had been operating a laser monitor from an adjacent entrance ramp testified that "the vehicle was traveling so fast that it appeared that they [sic] might not make the exit. And I went ahead and put my vehicle in reverse and started to back off the entrance ramp, thinking that that vehicle that was traveling in and exiting the ramp at that speed might possibly run into me." Campbell's car almost slid "sideways into the wrong way onto the connector."
Campbell then failed to stop at a stop sign before turning onto an access road. As the officer pursued the car, he noted that there were two occupants. The officer watched as Campbell failed to stop at a second stop sign and "came to rest somewhat sideways" in the roadway. Campbell drove off at an "extreme high rate of speed," and as the pursuing officer got closer to his car, Campbell turned into a parking lot at "a high high rate of speed." The officer described Campbell's driving as "extremely erratic and dangerous."
Once Campbell drove into the parking lot, the officer parked his car directly behind Campbell's car. As he pulled up, both doors of Campbell's car flew open. The officer saw Campbell exit from the driver's side and run over to stand by his passenger on the passenger's side of the car. The officer let his police dog out of the back of his car and gave the two men his "K-9 warning to get to the ground or I would release the dog."
When the officer approached Campbell, he noted a strong odor of alcohol, and that Campbell was slurring his speech. He asked a second officer to administer field sobriety tests. After Campbell exhibited all six clues of intoxication on the horizontal gaze nystagmus test, the officer concluded that Campbell was appreciably impaired by alcohol or a drug of abuse.
Initially, we note that the weight to be given the evidence and the credibility of the witnesses were primarily for the trial court to determine; inconsistencies in the evidence were also for the trial court to resolve.[4] In sum, we hold that the trial court did not err in denying the Crim.R. 29 motion because reasonable minds could have reached different conclusions as to whether each element of the crime had been proven beyond a reasonable doubt. We also conclude, based on our review of the record, that Campbell's conviction was not against the manifest weight of the evidence. Therefore, we overrule his third, fourth, and fifth assignments of error.
In his sixth assignment of error, Campbell complains that the trial court should not have imposed the maximum prison term for the offense. Under R.C. 2929.14(C), a court may impose the maximum sentence if it finds that the offender poses the greatest likelihood of recidivism. There is no doubt that Campbell fit the bill; as the trial court noted, Campbell committed this offense eighteen days after being released from prison for a prior felony of driving under the influence.
In this case, the trial court completed one of the most thorough sentencing worksheets that we have seen. When considering the recidivism factors under R.C. 2929.12(D), the court wrote out each of Campbell's prior convictions, including two prior felony and four misdemeanor driving-under-the-influence convictions, sixteen convictions for operating a car without a license or while under suspension, two aggravated vehicular assault convictions, and both a felony and a misdemeanor failure to comply with a police officer's order, as well as numerous convictions for other offenses, ranging from domestic violence and resisting arrest to falsification and criminal damaging.
The court also noted that ten of Campbell's thirteen prior probations through municipal court were unsuccessful and that Campbell had two parole violations following his last driving-under-the-influence offense. The court noted that Campbell had served three prior prison terms. The court found that the minimum prison term would demean the seriousness of the offense and that it would not adequately protect the public from future harm by Campbell. The court's finding that Campbell posed the greatest likelihood of recidivism, thereby warranting a maximum prison term, was amply supported by the record. We overrule the last assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] 74 Ohio St.3d 333, 1996-Ohio-102, 658 N.E.2d 766.
[2] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[3] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[4] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.