OPINION
{¶ 1} Defendant-appellant, Charles Byrd, appeals his convictions in Warren County Common Pleas Court for attempted rape and gross sexual imposition. We affirm appellant's convictions.
 {¶ 2} In March 1985, appellant was indicted on three counts of rape in violation of R.C. 2907.02, and one count of felonious sexual penetration in violation of R.C. 2907.12. In December 1985, appellant pled guilty to three counts of attempted rape in violation of R.C. 2923.02 and R.C. 2907.02, and one count of gross sexual imposition in violation of R.C. 2907.05. The trial court sentenced appellant to a one year prison term for the gross sexual imposition count, and three terms of five to 15 years for the three attempted rape counts. The trial court ordered that appellant serve each term consecutively except the term for one of the attempted rape counts, which appellant was to serve concurrently to the terms for the other counts.
 {¶ 3} Appellant timely appealed his convictions. However, this court dismissed appellant's appeal in June 1986 upon appellant's motion. In August 2001, this court granted appellant's application to reopen his direct appeal on the grounds that his original appellate counsel was ineffective. Appellant subsequently filed this appeal, assigning two errors.
Assignment of Error No. 1
 {¶ 4} "The Trial Court Erred To The Prejudice Of Defendant-appellant When It Failed To Obtain A Waiver Of Jury In Writing And To File It With The Court."
 {¶ 5} In this assignment of error, appellant concedes that the trial judge orally informed him that he would be waiving his right to a jury trial by pleading guilty to the offenses. However, appellant contends that because he did not waive his right to a jury trial in writing and such a waiver was not included in the record, his convictions must be reversed.
 {¶ 6} In support of this argument, appellant cites R.C. 2945.05, which provides as follows: "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof."
 {¶ 7} Appellant also cites State v. Pless, 74 Ohio St.3d 333,1996-Ohio-102, paragraph one of the syllabus, which states that "[a]bsent strict compliance with the requirements of R.C. 2945.05, the trial court lacks jurisdiction to try the defendant without a jury." As further support, appellant cites our recent decision of State v. Kuechler, Brown App. No. CA2001-10-015, 2002-Ohio-1598, in which we reversed the defendant's conviction after a bench trial because the record did not contain a written jury trial waiver signed by the defendant.
 {¶ 8} We reject appellant's argument. R.C. 2945.05, Pless, andKuechler specifically require the filing of a written jury trial waiver before a trial court tries a criminal defendant without a jury. However, there was no trial in this case because appellant pled guilty to the offenses. Therefore, R.C. 2945.05, Pless, and Kuechler are inapplicable. Nevertheless, the trial court was obligated under Crim.R. 11(C) to advise appellant of the rights he was waiving by pleading guilty, including his right to a jury trial.
 {¶ 9} In accordance with its obligation under Crim.R. 11(C), the trial court advised appellant of the rights he was waiving by pleading guilty, including the right to a jury trial. Appellant initially pled not guilty to the charges against him, but later changed his plea to guilty. A document filed December 10, 1985 captioned, "Change of Plea Indictment," indicated that appellant understood and waived the constitutional rights to which he was entitled, specifically including a right to a jury trial. The document stated, "I understand that I have a right to a jury trial," and was signed by appellant.
 {¶ 10} The trial court properly advised appellant that he was waiving his right to a jury trial by pleading guilty. Appellant signed the plea agreement acknowledging that he understood he was waiving that right. Contrary to appellant's claim, we find no error by the trial court. Accordingly, we overrule appellant's first assignment of error.
Assignment of Error No. 2
 {¶ 11} "The Trial Court Erred To The Prejudice Of Defendant-appellant In Sentencing Him Because It Considered The Impact On A Victim Who Was Not The Subject Of Any Conviction."
 {¶ 12} In this assignment of error, appellant argues that the trial court erroneously considered statements made at the sentencing hearing regarding an individual who was not a victim of the crimes for which appellant was convicted.
 {¶ 13} The crimes for which appellant was convicted involved two victims, both girls under the age of ten. At the sentencing hearing, the prosecutor described the details of the offenses. The prosecutor explained that appellant forced one of the victims to perform fellatio after inserting a spoon and a knife into her vagina and anus. The prosecutor subsequently discussed the attempted rape charge with respect to the other victim, and the severe trauma experienced by that victim. The prosecutor then mentioned a third person, a boy under the age of ten. The prosecutor stated that there had been charges against appellant with respect to this boy, but that the boy was unable to come forward. The prosecutor mentioned that the boy was experiencing severe emotional problems.
 {¶ 14} The trial court also heard testimony from Brenda Carpenter, the aunt of the two victims and the boy. She testified about the severe psychological and emotional damage suffered by all the children, including the boy.
 {¶ 15} Contrary to appellant's contention, we find no indication in the record that the trial court considered the statements about the boy in making its sentencing determination. The trial court is presumed to consider only relevant, competent evidence in arriving at its sentencing determination. State v. Treesh, 90 Ohio St.3d 460, 488,2001-Ohio-4. The trial court did not mention anything pertaining to the boy either on the record at the sentencing hearing or in its sentencing entry. In addition, there is no indication in the record that the trial court gave appellant a harsher sentence because of the statements made about the boy. As to the gross sexual imposition conviction, the trial court actually gave appellant the lightest possible sentence under the law applicable at that time. See former R.C. 2929.11(D)(2) (repealed 1996). Additionally, the sentences given for the attempted rape convictions were within the applicable sentencing guidelines. See former R.C. 2929.11(B)(5) (repealed 1996).
 {¶ 16} Because we find no indication in the record that the trial court considered the statements concerning the boy, we find no error.
 {¶ 17} Even if the record showed that the trial court considered the statements regarding the boy, we would find no error. The rules of evidence, including Evid.R. 404(B) regarding "other acts," do not strictly apply at sentencing hearings. Evid.R. 101(C)(3); State v Cook,83 Ohio St.3d 404, 425, 1998-Ohio-291. Under former R.C. 2929.12, the trial court was required to consider, among other things, the risk that the offender would commit other crimes, the need for protecting the public from the risk, and "the history, character, and condition of the offender and his need for correctional or rehabilitative treatment." Testimony at the sentencing hearing that appellant had been charged with a similar crime involving the boy, that the boy was unable to come forward, and that the boy was experiencing severe emotional problems as a result of appellant's actions was relevant to those considerations. See, also, State v. Hanson, Lucas App. No. L-01-1217, 2002-Ohio-1522, andState v. Williams, Cuyahoga App. No. 78519, 2002-Ohio-1406 (finding no error in trial court's consideration of similar, uncharged acts in determining sentence); State v. Lagow, Butler App. No. CA2001-06-144, 2002-Ohio-557 (finding no error in context of sexual predator determination when trial court considered evidence that appellant had been charged with similar crimes in past).
 {¶ 18} Based on the foregoing, we overrule appellant's second assignment of error.
Judgment affirmed.
WALSH, P.J., and VALEN, J., concur.