JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Ryan Bonner appeals from his conviction after a bench trial for felonious assault.
 {¶ 2} Appellant presents only one challenge to his conviction. He asserts the trial court lacked jurisdiction to determine his guilt, contending that his written jury waiver was improperly executed. The record, however, fails to support his assertion; consequently, appellant's conviction is affirmed.
 {¶ 3} Appellant's conviction results from a bar fight that occurred at "closing time" on June 9, 2002. During the altercation, appellant used his fists to strike the unsuspecting victim at least three times; the blows caused the victim to suffer a compound fracture of his lower mandible and a puncture in the left side of his mouth that required sutures to close.
 {¶ 4} Appellant eventually was indicted on one count of felonious assault, R.C. 2903.11.[1] At his arraignment on the charge, he appeared with retained counsel and entered a plea of not guilty. After several pretrial hearings held during the ensuing months, trial was scheduled for December 16, 2002.
 {¶ 5} When appellant's case was called for trial, however, the trial court noted on the record that appellant had notified it that he "wish[ed] to waive a jury trial in this matter." Defense counsel assured the trial court it correctly understood appellant's decision.
 {¶ 6} The trial court thereupon held a colloquy with appellant before stating that it had "marked here Court Exhibits A and B, * * * B being the jury waiver of defendant Bonner." It then asked appellant for the record if he understood what he had heard and was signing the document "of [his] own free will." Appellant answered, "Yes." His counsel also assured the trial court appellant had made a knowing and voluntary waiver.
 {¶ 7} At that point in the proceedings, the trial court recessed. The record reflects that this interval was taken in order to permit appellant's written jury waiver to be filed with the Clerk of Court. Thus, when proceedings re-convened a short time later, the trial court stated, "The record should reflect previously this morning in open court* * * defendant executed a written jury waiver that now has beenfiled."
 {¶ 8} Trial thereupon proceeded. Before finding appellant guilty of felonious assault, the trial court heard the testimony of the witnesses, including appellant, and admitted into evidence photos and medical records that documented the victim's injuries. Appellant ultimately received a sentence of two years in prison for his conviction.
 {¶ 9} His appeal of that conviction presents only the following assignment of error for review:
 {¶ 10} "I. The trial court was without jurisdiction to conduct a bench trial where the jury waiver in the instant case was not signed in open court as required by R.C. 2945.05."
 {¶ 11} Appellant argues the record demonstrates the trial court's failure strictly to comply with the mandates of R.C. 2945.05. He contends this failure deprived the trial court of jurisdiction to decide his guilt.[2] This court, however, does not share either appellant's view of the record or his proposition.
 {¶ 12} In pertinent part, R.C. 2945.05 states that a defendant in a criminal case may waive a trial by jury and elect to be tried by the court; the waiver "shall be in writing, signed by the defendant, and filed * * * and made a part of the record thereof." Additionally, the "waiver of trial by jury must be made in open court after the defendant has been arraigned and has had the opportunity to consult with counsel." According to the record of this case, the trial court complied with each of these mandates.
 {¶ 13} Appellant argues the transcript indicates the waiver had been executed earlier, rather than "in open court." He contends that since strict compliance with the statute is required to confer jurisdiction pursuant to State v. Pless, 74 Ohio St.3d 333,1996-Ohio-102, the failure actually to sign the jury waiver form following the colloquy falls short of strict compliance.
 {¶ 14} However, according to the trial court's own statement when proceedings in appellant's case re-convened, appellant had "executed," i.e., signed, the waiver form that morning in open court. This court presumes the trial court correctly recounted what had occurred.
 {¶ 15} Even if appellant's contention were supported by the transcript, neither the statute nor Pless requires the form to be "executed in open court." Read in context, the statute indicates instead that the signed form must be filed, and may be filed before the trial court addresses the defendant in a colloquy. The "critical issue" is not the timing of the execution of the document, but "whether the filing [of the written waiver] ever occurred." State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, ¶ 48 (Emphasis added).
 {¶ 16} The court is required, however, to engage in a colloquy before commencing the actual trial in order to ensure that the defendant's waiver was made after "the defendant had been advised and is aware of the implications of voluntarily relinquishing a constitutional right." State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, ¶ 13, citing State v. Ford, Cuyahoga App. Nos. 79441, and 79442, 2002-Ohio-1100; see, also, Huber, supra at ¶ 49. Any interpretation of the transcript underscores a conclusion the trial court fulfilled its duties in this case.
 {¶ 17} Appellant's argument, therefore, completely lacks support. Accordingly, his assignment of error is overruled.
 {¶ 18} Appellant's conviction and sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, J. and Anthony O. Calabrese, Jr., J. Concur.
[1] Appellant was indicted with a co-defendant; the trial court ultimately dismissed the charge as to him.
[2] This court previously has stated that any defect in complying with R.C. 2945.05 is "a defect in the trial court's exercise of its jurisdiction" rather than a lack of subject matter jurisdiction. Statev. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, ¶ 7.