JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Latrice Shelton, appeals her conviction and sentence handed down by the Court of Common Pleas, Criminal Division. Upon a review of the record presented and the arguments of the parties, we affirm the decision of the trial court for the reasons that follow.
 {¶ 2} The appellant was charged with two counts of felonious assault stemming from a physical altercation with the victim, Antonio Burns, on January 23, 2003. Burns testified he and the appellant were involved in an ongoing dispute over $300 that Burns claimed Shelton owed him. On January 23, 2003, while Burns was sitting in his car outside the homeless shelter at East 18 Street and Superior Avenue, the appellant approached him with a knife or box cutter and succeeded in stabbing him once in the chin. Burns sought medical treatment immediately following the incident.
 {¶ 3} On June 19, 2003, appellant executed a waiver of jury trial and elected to proceed with a bench trial. Burns, the investigating detective, the appellant and another witness to the event testified. The trial court found the appellant guilty on the second count of the indictment and sentenced her to two years incarceration. Appellant timely appeals her conviction and presents one assignment of error for our review.
 {¶ 4} "I. The trial court was without jurisdiction to conduct a bench trial because the jury waiver in the case at bar was not executed in strict compliance with the statutory requirements."
 {¶ 5} Crim.R. 23(A) provides that a criminal defendant may knowingly, intelligently and voluntarily waive in writing his or her right to trial by jury. See, also, State v. Bays,87 Ohio St.3d 15, 19, 1999-Ohio-216, citing State v. Ruppert (1978),54 Ohio St.2d 263, 271. R.C. 2945.05 provides in pertinent part:
 {¶ 6} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * [Said waiver] must be made in open court after the defendant has been arraigned and has opportunity to consult with counsel." See, also, State v.Pless, 74 Ohio St.3d 333, 1996-Ohio-102.
 {¶ 7} This court recently confronted the issue of whether a jury waiver complied with statutory requirements in State v.Jonelle Thomas, Cuyahoga App. No. 82130, 2003-Ohio-6157. There were similar circumstances in that case, wherein the defendant had signed a jury waiver some time prior to the beginning of the trial and reaffirmed the waiver in open court prior to the start of trial. There, this court held:
 {¶ 8} "Crim.R. 23(A) and R.C. 2945.05 are satisfied when, after arraignment and opportunity to consult with counsel, defendant signs a written statement affirming that he or she knowingly and voluntarily waives his or her constitutional right to a trial by jury and the court reaffirms this waiver in open court. State v. Ford, Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100, citing State v. Walker (1993),90 Ohio App.3d 352, 358. It is not necessary that the waiver be signed in open court to be valid, so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implications of voluntarily relinquishing a constitutional right. Id. ; State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, citing State v.Gammalo (July 5, 2001), Cuyahoga App. Nos. 78531." Thomas,2003-Ohio-6157, at 13, 14.
 {¶ 9} Therefore, the fact that appellant's jury waiver in the instant case was not signed in open court is not material to whether she understood the implications of voluntarily waiving her right to a jury trial. The jury waiver is valid as long as the requirements set forth in Pless are met and the trial court conducts the appropriate inquiry on the record prior to proceeding with a bench trial.
 {¶ 10} Appellant also argues that her waiver should be invalidated because it was journalized subsequent to her trial. As stated in State v. Franklin, Cuyahoga App. No. 81426, 2003-Ohio-2649, discretionary appeal not allowed,100 Ohio St.3d 1424, 2003-Ohio-4232:
 {¶ 11} "* * * strict compliance with R.C. 2945.05 is met upon filing the jury waiver; there is no rule pertaining to when the filing must occur. State v. McKinney, Cuyahoga App. No. 80991, 2002-Ohio-7249, citing State v. Sekera, Cuyahoga App. No. 80690, 2002-Ohio-5972."
 {¶ 12} R.C. 2945.05 requires that the waiver occur before trial and that the waiver is filed, time-stamped and contained in the record; there is no specification that the waiver must be filed and incorporated into the record before trial is held.State v. Antonic (Nov. 22, 2000), Cuyahoga App. No. 77678 at 3; See, State v. Pless, 74 Ohio St.3d 333, 1996-Ohio-102; Statev. Gipson, 80 Ohio St.3d 626, 1998-Ohio-659. Similarly, inSekera, supra, this court noted that strict compliance with R.C. 2945.05 is met upon the filing of the waiver; Pless makes no rule as to when that filing must occur. Id. at 23. The fact that a waiver was not journalized until after the trial concluded is not fatal. Franklin, supra, at 15, 16.
 {¶ 13} The jury waiver in question was signed by the appellant and her attorney on June 19, 2003. The waiver was file stamped by the clerk's office on June 19, 2003 and was subsequently journalized and made a part of the record, as required by R.C. 2945.05. The trial court addressed the appellant prior to the start of the trial, inquiring as to her education level and whether she was under the influence of any substance or medication that would render her unable to understand the implications of the jury waiver. The trial court also explained that the appellant had a right to a trial by jury, and that by signing the document in question, she would be waiving that right. The appellant indicated on the record that she understood the consequences of signing the waiver and that she desired to try her case to the bench. Therefore, we find the trial court in compliance with the mandates of Pless and R.C. 2945.05, and appellant's sole assignment of error is without merit.
 {¶ 14} The judgment is affirmed.
Judgment affirmed.
 Sweeney and Calabrese, Jr., JJ., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.