{¶ 29} I respectfully dissent from the result reached by the majority on the First and Second Assignments of Error. The requirements of R.C. 2945.05 are clear and unambiguous. The statute requires that, in order to effectuate a valid waiver of the right to trial by jury, the defendant in a criminal action must sign a written waiver, and "[s]uch waiver of trial by jury must be made in open court * * *Page 12 
* ." R.C. 2945.05. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." State v. Pless, 74 Ohio St.3d 333, 1996-Ohio-102, at paragraph one of the syllabus. See also, State v. Tate (1979),59 Ohio St.2d 50, and State ex rel. Jackson v. Dallman (1994),70 Ohio St.3d 261.
 {¶ 30} Although it appears that the defendant signed a written waiver of a jury, and although his counsel made comments interpreted by the trial court and the majority as a confirmation of that waiver, the trial court failed to address the issue to the defendant to determine whether the waiver was being made knowingly, intelligently, and voluntarily. R.C. 2945.05 is not satisfied unless, and until, after arraignment and opportunity to consult with counsel, the defendant signs a written statement affirming that he or she knowingly and voluntarily waives his or her constitutional right to a trial by jury and the court reaffirmsthis waiver in open court.
 Ohio law does not require the trial court to extensively interrogate a criminal defendant as to whether that defendant is fully apprised of the right to a jury trial. Nor is the trial court required to inform the defendant of all the possible implications of a waiver of the right to a trial by jury. Crim. R. 23(A) and R.C. 2945.05 are satisfied when the record supports that a written statement affirming that the defendant, after arraignment and opportunity to consult with counsel, has knowingly and voluntarily waived his or her constitutional right to a trial by jury and that the court reaffirms this waiver in open court. *Page 13 
(Citations omitted.) State v. Ford, 8th Dist. Nos. 79441 and 79442, 2002-Ohio-1100, citing State v. Walker (1993), 90 Ohio App.3d 352, 358.
 {¶ 31} Because the trial court failed to personally address the defendant in open court to confirm that he was knowingly, intelligently, and voluntarily waiving a constitutional right, I would hold that the trial court was without authority to proceed with a bench trial.
 {¶ 32} Accordingly, I would sustain the First and Second Assignments of Error, find the Third and Fourth Assignments to be moot, reverse the decision[1] of the trial court, and remand the case for a new trial.
[1] I note that counsel has referred to the decision as a "verdict." However, only a jury can render a verdict. A trial court hearing a trial without a jury makes a "general finding" of guilty or not guilty. Crim.R 23(C). *Page 1